UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JAMES E. MILLER,

                Plaintiff,

v.

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                Defendant.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
16-CV-5306 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On September 19, 2016, Plaintiff James E. Miller, proceeding *pro se*, commenced the above-captioned action against the New York City Department of Education ("DOE"), alleging employment discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). (Compl., Docket Entry No. 1.) Plaintiff attaches to the Complaint, a letter from the Equal Employment Opportunity Commission ("EEOC") dated August 10, 2016, notifying him of his right to sue in federal court. (Compl. 8.)[1] Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. For the reasons discussed below, the Court dismisses the Complaint. Plaintiff is directed to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

**I. Background**

Plaintiff, a former senior lunchroom helper for the DOE, initiated this action via a form complaint for discrimination claims. (Compl. at 1–7.) Plaintiff asserts discrimination claims for

---

[1] Because the Complaint is not consecutively paginated, all citations to pages of the Complaint refer to the Electronic Document Filing System ("ECF") pagination.

unlawful termination of employment, failure to accommodate a disability, retaliation and unpaid wages under the ADA.  (*Id.*)  Plaintiff alleges that between June 19, 2015, and November 21, 2015 the DOE violated the ADA because it discriminated against Plaintiff based on his disabilities — a "torn ligament" and "spinal damage."  (*Id.* at 4–5.)  Plaintiff did not submit any additional facts about these allegations in the space provided on the form complaint to describe the facts of the case.  (*Id.* at 5.)  In the relief section, Plaintiff requests that the Court "have any and all reason(s) for being terminated recorded as medical and not abandoned," reinstate lost wages, and "have future wages of retirement given."  (*Id.* at 6.)  Plaintiff also attaches an EEOC right-to-sue letter dated August 10, 2016.  (*Id.* at 8.)

## II.  Discussion

### a.  Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").  Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. ADA discrimination claim

To establish a prima facie case of discrimination under the ADA, a plaintiff must show that "(1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by her employer; (3) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) she suffered an adverse employment action; and (5) the adverse action was imposed because of her disability." *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d. Cir. 2015); *see also Dooley v. Jet Blue Airways Corp.*, 636 F. App'x 16, 21 (2d Cir. 2015) (quoting *Davis*, 804 F.3d at 235) (outlining the requirements of a prima facie case under the ADA).

Although a plaintiff need not specifically plead each and every element of a prima facie case of discrimination to survive a motion to dismiss, the standard provides a framework for analyzing whether the plaintiff's claims for relief are plausible. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84-87 (2d Cir. 2015). At the pleading stage, to state a claim of employment discrimination under the ADA, a plaintiff must plausibly allege that (1) her employer took an adverse action against her, and (2) the disability or perceived disability was a "motivating factor" in the decision. *Id.* at 87; *see also Giambattista v. Am. Airlines, Inc.*, 584 F. App'x 23, 25 (2d Cir. 2014) ("To state a claim for discrimination under the ADA, a plaintiff must allege facts which plausibly suggest, inter alia, that she 'suffered [an] adverse employment action because of [her] disability.'" (quoting *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001))). "A plaintiff suffers an adverse employment action when she experiences a materially adverse change in the terms and conditions of employment." *Dechberry v. N.Y.C. Fire Dep't*, 124 F. Supp. 3d 131, 147 (E.D.N.Y. 2015) (citation and internal quotation marks omitted).

3

Employment actions "deemed sufficiently disadvantageous to constitute an adverse employment action include a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Beyer v. Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (alteration and internal quotation marks omitted); *see also Fahrenkrug v. Verizon Servs. Corp.*, ---F. App'x ---, ---, 2016 WL 3448300, at *2 (2d Cir. June 17, 2016) (citing *Beyer*, 524 F.3d at 163) (explaining what conduct constitutes an adverse employment action).

The Complaint fails to state a claim under the ADA. Plaintiff provides no facts in support of his claim that he was discriminated against in his employment. (*See* Compl. 5.) The Court therefore denies Plaintiff's claims, as they are unsupported by any factual allegations. *See Vega*, 801 F.3d at 87 ("[A] plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." (citing *Littlejohn v. City of New York*, 795 F.3d 297, 310 (2d Cir. 2015)); *see also Biro v. Conde Nast*, 807 F.3d 541, 546–47 (2d Cir. 2016) (affirming dismissal of a complaint because the plaintiff's allegations against the defendants were conclusory and insufficient); *Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff*, 638 F. App'x 100, 103 (2d Cir. 2016) (affirming dismissal of a plaintiff's claims because he failed to "include any factual allegations to support" the claims). For these reasons, Plaintiff's claim under the ADA is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. Conclusion

For the reasons set forth above, the Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  In light of Plaintiff's *pro se* status, the Court grants Plaintiff thirty (30) days to amend the Complaint in order to state a claim under the ADA.  Plaintiff is reminded that an amended complaint completely replaces the original Complaint.  The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this order.  No summons shall issue at this time, and all further proceedings shall be stayed for 30 days.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: October 12, 2016
       Brooklyn, New York